**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*


EMMANUEL EDOKOBI,                    *

     **Plaintiff,**                              *

v.                                                                              Case No.: GJH-19-905

                                                          *

JUDGE PAUL W. GRIMM,
in his individual and official capacities,          *

     **Defendant.**                            *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Emmanuel Edokobi ("Plaintiff") brought this *pro se* action in the Circuit Court for Montgomery County, Maryland against U.S. District Judge Paul W. Grimm ("Judge Grimm") in his individual and official capacities.[1] ECF No. 3. Plaintiff alleges that Judge Grimm has violated his rights under the federal and Maryland Constitutions by failing to issue a final order with respect to a prefiling injunction against Plaintiff that Judge Grimm proposed in a case Plaintiff filed in 2013. ECF No. 3. Judge Grimm removed Plaintiff's Complaint to this Court, ECF No. 1, and has now moved to dismiss it on multiple grounds, ECF No. 12. Plaintiff has opposed the Motion to Dismiss and has filed a motion to disqualify Judge Grimm from two other pending cases by Plaintiff over which he is presiding. No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will deny Plaintiff's motion to disqualify Judge Grimm and will grant Defendant's Motion to Dismiss this case.

---

[1] The Court recognizes the potential conflict in resolving a case involving one of its colleagues. However, given that it is clear that no reasonable jurist could find legal merit in Plaintiff's claims, the Court will spare a sister jurisdiction the burden of having this matter transferred to it and will resolve the claim herein.

## I.      BACKGROUND

Because Plaintiff's *pro se* Complaint is at times difficult to read and largely recounts

proceedings in prior litigation, the Court will take judicial notice of filings in those cases and

describe their contents here, adding allegations from the Complaint when relevant. *See*

*Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 623 (D. Md. 2017) (explaining that

courts may take judicial notice of docket entries, pleadings, and papers in other cases without

converting a motion to dismiss to one for summary judgment). On December 9, 2013, Plaintiff

filed a Complaint in this Court against M & M Mortgage Services Inc. ("M & M"), its account

manager Juan Gonzalez, and a second corporation, Mortgage Specialist Inc. Complaint, *Edokobi*

*v. M & M Mortg. Servs., Inc.*, No. PWG-13-3707 (Dec. 9, 2013) ("*M & M*"), ECF No. 1.[2] The

suit was assigned to Judge Grimm. M & M and Gonzalez moved to dismiss the case and for

sanctions against Plaintiff, who opposed both motions. *M & M*, ECF Nos. 5, 12, 13, 14, 16, 17.

Plaintiff also filed a Motion for Default Judgment against Mortgage Specialist Inc. after it failed

to appear. ECF No. 15.

On October 22, 2014, Judge Grimm issued a Memorandum Opinion and an Order

disposing of the motions. *M & M*, ECF No. 19; *Edokobi v. M & M Mortg. Servs., Inc.*, No.

PWG-13-3707, 2014 WL 5393527 (D. Md. Oct. 22, 2014). The Opinion recounted the facts

alleged in Plaintiff's Complaint in that case, which centered around a single-family home that

Plaintiff owned in Potomac, Maryland. *M & M Mortg. Servs.*, 2014 WL 5393527, at *1.

According to the Complaint, the defendants, under orders from loan servicing company Litton

Loan Servicing LP ("Litton"), inspected the property, winterized and locked the house, and

removed Plaintiff's belongings. *Id.* Plaintiff had sued Litton for those acts in 2011 but the Court

---

[2] Plaintiff's Complaint erroneously asserts that the case was filed on November 13, 2013. ECF No. 3 ¶ 14.

granted summary judgment in Litton's favor. *Id.* Plaintiff had then filed suit against eight financial institutions alleging that they were responsible for the acts at the Potomac property, but that case was dismissed with prejudice. *Id.*[3] In the new case before Judge Grimm, the Opinion explained, Plaintiff contradicted the allegations he made in the 2011 case and alleged that his loan was serviced not by Litton but by another company, and that Litton therefore had no authority to order the defendants to perform the work. *Id.* Plaintiff asserted eleven counts against the defendants under Maryland law. *Id.*[4]

Judge Grimm granted the defendants' Motion to Dismiss on the ground that *res judicata* barred the action. *Id.* at *5. In short, because the parties had agreed in the 2011 case that Litton serviced Plaintiff's mortgage at the time of the work on the house, and agreed before Judge Grimm that the defendants were acting at Litton's direction when they performed the work, the Court's finding in the 2011 case that Litton was not liable to Plaintiff barred relitigation of the defendants' liability for acting on Litton's behalf. *Id.*[5] Judge Grimm then turned to the defendants' motion for sanctions. *Id.* Rather than grant the motion, Judge Grimm found that Plaintiff's filings to that point, many of which were both voluminous and noncompliant with the Federal Rules of Civil Procedure, demonstrated that he is a vexatious litigant. *Id.* at *1, *5–*6. Judge Grimm accordingly ordered Plaintiff to show cause why the Court should not issue an order imposing a prefiling injunction that would direct the Clerk not to accept future filings from

---

[3] Plaintiff also sued Judge Motz of this Court, who presided over the case against Litton and the subsequent case against the eight financial institutions. *M & M Mortg. Servs.*, 2014 WL 5393527, at *3. Judge Chasanow dismissed that case with prejudice. *Edokobi v. Motz*, No. DKC-13-3378, 2013 WL 6713290 (D. Md. Dec. 18, 2013); *see also M & M Mortg. Servs.*, 2014 WL 5393527, at *3 (describing Judge Chasanow's ruling).

[4] In his Complaint in this case, Plaintiff adds further allegations that the defendants destroyed pipes and caused leaks in the house by using unconventional weatherization chemicals, requiring him to spend $32,000 for repairs, and that defendants also changed the locks and did not leave contact information, all of which impeded his ability to sell the house. ECF No. 3 ¶¶ 15, 17–19, 24–26.

[5] Notably, Plaintiff in this action alleges once again that Litton was his loan servicer, but claims that Litton told him that it did not order the weatherization. ECF No. 3 ¶¶ 20–21.

Plaintiff arising out of or relating to the work performed at his property unless Judge Grimm certified that the filings were in good faith and had a colorable basis in law and fact. *Id.* at *6. Judge Grimm then dismissed the case in its entirety and accordingly denied as moot Plaintiff's Motion for Default Judgment against Mortgage Specialist Inc. *Id.* at *1 n.2.

On November 3, 2014, Plaintiff submitted two filings to the Court: a Notice of Appeal of Judge Grimm's Order, *M & M*, ECF No. 20, and a filing entitled "Plaintiff Files Opposition Motion To Court Order Granting Defendants' Motion To Dismiss Plaintiff's Complaint And Opposition To Court Proposed Imposition Of Pre-Filing Injunction And Opposition To Court Order Dismissing Plaintiff's Motion For Default Judgment Against MSI And Plaintiff By This Motion Seeks New Trial Of Civil Action No. 8:13-CV-03707-PWG," *M & M*, ECF No. 22. As the defendants noted in response, the motion essentially sought reconsideration of Judge Grimm's October 22, 2014 decision. *M & M*, ECF No. 24. On December 3, 2014, Judge Grimm issued a Letter Order explaining that Plaintiff's Notice of Appeal had divested him of jurisdiction over the case. *M & M*, ECF No. 25 (citing *Griggs v. Provident Discount Co.*, 459 U.S. 56, 58 (1982)). The Letter Order also stated that Judge Grimm would not "take further action regarding the pre-filing injunction until the Fourth Circuit has issued its ruling." *Id.*

The Fourth Circuit issued an unpublished per curiam opinion affirming Judge Grimm's October 22, 2014 Order on March 19, 2015. *Edokobi v. M & M Mortg. Servs., Inc.*, 597 F. App'x 754 (4th Cir. 2015). The decision noted that it concerned only the order dismissing the case on *res judicata* grounds and that the prefiling injunction determination remained pending in this Court. *Id.*; *id.* at n.*. The Fourth Circuit's mandate took effect and was filed on this Court's docket on May 4, 2015. *M & M*, ECF No. 29. Since that time, Judge Grimm has not taken

additional action in the case and has not issued a further determination with respect to the proposed prefiling injunction.

Plaintiff filed his Complaint in this action in Maryland state court on February 25, 2019. ECF No. 3. In addition to repeating allegations from Plaintiff's earlier cases about the work at the Potomac property, the Complaint asserts that Judge Grimm: "Sees Plaintiff As A Trouble-Maker Who . . . Must be Controlled" with a prefiling injunction; "Wanted to Satisfy the Demands of the Corporate Attorneys"; "Did Not Consider all those Valid Points that Plaintiff had raised in Plaintiff's Motion in Opposition" to the motion for sanctions; "Does Not Want to Consider The United States Court of Appeals For The Fourth Circuit's Per Curiam on the Appeal . . . which says that 'Prefiling Injunction Determination Remains Pending in the District Court'"; "Does Not Want to Provide the Closure of the Civil Action"; "Refused to Issue His Final Order on the 'Prefiling Injunction Against Plaintiff Pending in the District Court'"; "Wants to Punish Plaintiff by [his] Refusal to bring to a Closure the Prefiling Injunction Against Plaintiff which is Pending in the District Court Since December 12, 2014"; and "Does Not Want to Issue His Final Orders on the Prefiling Injunction Determination Remains Pending in the District Court because; Defendant Paul W. Grimm Knows Even-too-well that; Plaintiff Will Appeal Defendant Paul W. Grimm's Negative Orders." *Id.* ¶¶ 34, 36, 37, 39–42.

The Complaint then asserts five "causes of action" against Judge Grimm, each of which is premised on his "Refusal to Issue the Final Court Order on the Prefiling Injunction Against Plaintiff Pending in the District Court Since December 12, 2014 for Civil Case Number Case 8:13-cv-03707." *Id.* ¶¶ 45, 55, 61, 73, 78. Count 1 is a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment due process rights. *Id.* ¶¶ 44–47. Count 2, also brought under § 1983, again states that Judge Grimm violated Plaintiff's Fourteenth Amendment

due process rights and further alleges that he violated Plaintiff's due process rights under Article 24 of the Maryland Declaration of Rights. *Id.* ¶¶ 51–54. Count 3 is an additional § 1983 claim asserting that Judge Grimm's "Refusal To Issue His Final Order on the Prefiling Injunction . . . is designed to Punish Plaintiff severely" and accordingly has violated Plaintiff's Eighth Amendment right against cruel and unusual punishments. *Id.* ¶¶ 60–61.

Count 4, titled "abuse of power and judicial misconduct," asserts again that Judge Grimm "Sees Plaintiff As A Trouble-Maker Who; Must Be Controlled," and "Did Not Consider all those Valid Points that Plaintiff had raised" in his opposition to the motion for sanctions. *Id.* ¶¶ 69–71. Plaintiff also asserts that he "Did Not Deserve To be Sanctioned" and has been "harmed and incurred severe emotional damages" as a result of "these violations," including Judge Grimm's "Refusal to Issue the Final Court Order on the Prefiling Injunction." *Id.* ¶¶ 72–74. Finally, Count 5 asserts that Judge Grimm has violated Plaintiff's due process rights under the Fifth Amendment, as a result of which Plaintiff has been "harmed and incurred severe emotional damages." *Id.* ¶¶ 77–78, 82. In each count, Plaintiff states that he "is suffering and will continue to suffer irreparable harm" while he awaits action from Judge Grimm. *Id.* ¶¶ 55, 65, 69, 73, 80.

In the Complaint's petition for relief, Plaintiff states that he seeks: a declaration that Judge Grimm's "Refusal to Issue a Final Order on the Prefiling Injunction Against Plaintiff . . . violates Plaintiff's Due Process" and "amounts to punishment against Plaintiff;" a declaration that Judge Grimm "Should Not Be Involved In Any Civil Case Involving Plaintiff" in this court, including a case "Against Toyota Motor Credit Corporation," for which Plaintiff seeks a declaration that it "Should Be Handled by a Different Judge"; and "A declaratory Damages-Compensatory and Judgment-Declaratory against Judge Paul W. Grimm." *Id.* at 13–14. While the final line of the petition is somewhat vague as to whether it seeks damages, the introduction

to the Complaint states clearly that "Judge Paul W. Grimm is sued for damages in his personal and official capacities." *Id.* ¶ 3.

Judge Grimm filed a Notice of Removal of the case to this Court on March 27, 2019. ECF No. 1. In the Notice, counsel for Judge Grimm, an Assistant United States Attorney in the Office of the United States Attorney for the District of Columbia, explained that he did not currently represent Judge Grimm in an individual capacity and that Judge Grimm was not waiving any defenses "that may be available to him under Federal Rule of Civil Procedure 12 or otherwise, including immunity from suit." *Id.* at 1 n.1. Plaintiff did not contest the removal but did file "objections" to the contents of the civil cover sheet filed by Judge Grimm, asserting that it was mistaken in reporting that the case was against the federal government and that it should have categorized the case as a civil rights action. ECF No. 6. Plaintiff also protested that the cover sheet failed to show that he had requested a jury trial in his Complaint. *Id.*

On May 3, 2019, Plaintiff filed a motion seeking to disqualify Judge Grimm from presiding in two other cases that Plaintiff has filed in this Court. ECF No. 10. Judge Grimm did not respond to the motion. On May 10, Judge Grimm filed a Consent Motion for Extension of Time to File Answer until June 10, 2019. ECF No. 11. Counsel for Judge Grimm explained that he now represented Judge Grimm in his individual capacity and that his delay in filing was because he had been awaiting approval for the representation from the Administrative Office of the U.S. Courts. *Id.* ¶ 2. On June 7, 2019, Judge Grimm filed a Motion to Dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). ECF No. 12.

Accompanying the Motion was a certification under 28 U.S.C. § 2679(d) by Daniel F. Van Horn, the Chief of the Civil Division of the Office of the United States Attorney for the District of Columbia ("Van Horn Certification"). ECF No. 12-1. In the certification, Van Horn,

acting under authority delegated by the Attorney General of the United States, certified that

Judge Grimm was acting within the scope of his employment at the time of the incidents alleged

in Plaintiff's Complaint. ECF No. 12-1. Plaintiff filed a brief in opposition to the Motion to

Dismiss on June 14, 2019, ECF No. 14, and Judge Grimm filed a Reply on July 3, ECF No. 16,

after submitting another consent motion for an extension on June 28, 2019, ECF No. 15.

## II.  STANDARD OF REVIEW

"A district court should grant a motion to dismiss for lack of subject matter jurisdiction

under Rule 12(b)(1) 'only if the material jurisdictional facts are not in dispute and the moving

party is entitled to prevail as a matter of law.'" *Upstate Forever v. Kinder Morgan Energy*

*Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d

642, 647 (4th Cir. 1999)). "The burden of establishing subject matter jurisdiction rests with the

plaintiff." *Demetres v. East West Constr.*, 776 F.3d 271, 272 (4th Cir. 2015). "When a defendant

challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the

pleadings as mere evidence on the issue, and may consider evidence outside the pleadings

without converting the proceeding to one for summary judgment.'" *Evans*, 166 F.3d at 647

(quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768

(4th Cir. 1991)).

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). The Court accepts "all well-pled facts as true and construes these facts in the light

most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court must

also "draw all reasonable inferences in favor of the plaintiff." *Id.* at 253 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "[B]ut [the Court] need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Id.* (first alteration in original) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)). Courts are also permitted to "consider facts and documents subject to judicial notice" at the motion to dismiss stage without converting the motion to one for summary judgment. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013)).

## III.  DISCUSSION

Judge Grimm's Motion to Dismiss argues in favor of dismissal on both immunity and substantive grounds. The Court considers both types of arguments after discussing Plaintiff's motion seeking to force Judge Grimm to remove himself from presiding over Plaintiff's other pending cases, to which Judge Grimm has not responded.

### A.  Recusal Motion

Though Plaintiff does not use the word "recuse" in his motion seeking to disqualify Judge Grimm from his pending cases, the motion "Demands for Removal of the Civil Case No. 8:19-Cv-00248-PWG and Civil Case No. 8:19-CV-01071-PWG From Defendant Paul W. Grimm." ECF No. 10 ¶ 1. The Court liberally interprets the *pro se* filing as a request for Judge Grimm's recusal, which is the process through which a party may seek to remove a judge from a case for alleged bias, which is what Plaintiff presumably intends to assert. Plaintiff offers no statutory or doctrinal basis for his motion, however, and merely points to the petition for relief in his Complaint and reiterates that Judge Grimm "Has Not Provided His Final Decision" on the proposed prefiling injunction. *Id.* ¶¶ 2–4, 10.

In general, "[a] motion for recusal is construed against the affiant because 'a judge is presumed to be impartial.'" *Poole v. United States*, No. RDB-12-0478, 2013 WL 594690, at *3 (D. Md. Feb. 15, 2013) (quoting *Molinaro v. Watkins-Johnson CEI Div.*, 359 F. Supp. 474, 476 (D. Md. 1973)). "To be legally sufficient, the judge's alleged bias must come from an 'extrajudicial source other than what the judge has learned or experienced from [his] participation in the case.'" *Id.* (quoting *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989)). "A judge's opinions in earlier proceedings 'almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Plaintiff has failed to show any grounds for recusal here. Judge Grimm's rulings reveal no evidence whatsoever of favoritism or antagonism of any kind. *See id.* Nor has Plaintiff provided any evidence that Judge Grimm has been influenced by any "extrajudicial source other than what [he] has learned or experienced" in presiding over Plaintiff's earlier case. *Id.* (quoting *Sine*, 882 F.2d at 914). "A judge's actions or experience in a case or related cases or attitude derived from his experience on the bench do not constitute a basis to allege personal bias." *Sine*, 882 F.3d 913 (citing *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)). Because Plaintiff lacks any basis to seek Judge Grimm's removal from Plaintiff's other pending cases, Plaintiff's recusal motion will be denied.

### B. Motion to Dismiss

The Court now turns to Judge Grimm's Motion to Dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6). ECF No. 12.[6] The Motion offers several grounds for dismissal of Plaintiff's claims against Judge Grimm in both his official and individual capacities. The Court discusses each set of arguments in turn, but first reviews the different avenues through which an individual government official may be held liable for actions causing harm to a Plaintiff. The Court then considers Plaintiff's claim for "abuse of process" before turning to Plaintiff's constitutional claims against Judge Grimm.

### 1. Official and Individual Capacity Claims

As the Supreme Court explained recently in *Lewis v. Clarke*, "[i]n an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." 137 S. Ct. 1285, 1291 (2017). "The real party in interest" in official capacity suits "is the government entity, not the named official." *Id.* "Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law." *Id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). "'[O]fficers sued in their personal capacity come to court as individuals,' and the real party in interest is the individual, not the sovereign." *Id.* (alteration in original) (quoting *Hafer*, 502 U.S. at 27) (citation omitted).

"The identity of the real party in interest dictates what immunities may be available. Defendants in an official-capacity action may assert sovereign immunity." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)). "An officer in an individual-capacity action, on the other

---

[6] Judge Grimm also moves to dismiss the claims against him in his individual capacity under Rule 12(b)(5) for failure to properly effect service. ECF No. 12 at 18–19. Because the Court concludes that the Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6), the Court need not reach this argument.

hand, may be able to assert personal immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances." *Id.* (citing *Van de Kamp v. Goldstein*, 555 U.S. 355, 342–44 (2009)). "But sovereign immunity 'does not erect a barrier against suits to impose individual and personal liability.'" *Id.* (quoting *Hafer*, 502 U.S. at 30–31).

### 2. Van Horn Certification and Plaintiff's Common Law Claim

The Van Horn Certification, which was filed pursuant to 28 U.S.C. § 2769(d), also bears on the proper analysis of the Complaint. ECF No. 12-1. 28 U.S.C. § 2679, a provision of the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229–30 (quoting § 2679(d)(1), (2)). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act (FTCA), 60 Stat. 842." *Id.* at 230; *see also id.* at 241.[7]

Notably, the certification by the Attorney General, or the official to whom he has delegated certification authority, is not dispositive of whether the employee was in fact acting within the scope of his office and in turn whether the United States must be substituted as the defendant in any common-law tort claims. *Id.* at 245–46 (citing *Gutierrez de Martinez v.*

---

[7] Importantly, while the FTCA provides a waiver of the federal government's sovereign immunity for certain types of damages claims, it does not waive immunity as to any other form of relief. *Talbert v. United States*, 932 F.2d 1064, 1065–66 (4th Cir. 1991); *see also Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012).

*Lamagno*, 515 U.S. 417, 432 (1995)). "A plaintiff may request judicial review of the Attorney General's scope-of-employment determination." *Id.* at 246. But Plaintiff has not done so here, nor has he asserted that the actions by Judge Grimm on which Plaintiff's Complaint focuses were not within the scope of his employment as the District Judge presiding over Plaintiff's case. The Court accepts the Van Horn Certification that Judge Grimm was acting within the scope of his employment as an officer of the United States at the time of the incidents described in Plaintiff's Complaint. ECF No. 12-1. Accordingly, the Court will treat the United States as the Defendant with respect to any common law tort claims asserted in Plaintiff's Complaint.

It is not entirely clear, however, whether the Complaint in fact asserts any common law tort claims for which the United States should be substituted. As noted previously, the Complaint asserts five "causes of action" against Judge Grimm. These include claims under 42 U.S.C. § 1983 for violation of: Plaintiff's due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution; his due process rights guaranteed under Article 24 of the Maryland Declaration of Rights; and his right against cruel and unusual punishments guaranteed by the Eighth Amendment (Counts 1, 2, and 3). Plaintiff also brings a claim of "abuse of power and judicial misconduct" (Count 4) and a claim asserting violation of Plaintiff's due process rights under the Fifth Amendment without reference to § 1983 (Count 5). The only claim resembling a state common law tort action is Count 4, for which Plaintiff claims that he has "been harmed and incurred severe emotional damages." ECF No. 3 ¶ 74.[8]

Judge Grimm reads that count as attempting to assert a state law claim for abuse of process. ECF No. 12 at 9. "Under Maryland law, an action for abuse of process provides a

---

[8] Judge Grimm's Motion also reads the Complaint to assert a claim for intentional infliction of emotional distress. ECF No. 12 at 15–16. While the Court appreciates efforts by the counterparties of *pro se* litigants to read their filings expansively, the Court sees no such claim in the Complaint.

remedy 'for those cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" *Metro Media Entm't v. Steinruck*, 912 F. Supp. 2d 344, 350 (D. Md. 2012) (quoting *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (Md. 1997)). The Court agrees that to the extent Count 4 asserts a cognizable claim of any kind, it is an abuse of process claim under Maryland law. Because the United States is the proper Defendant in this claim, the Court must consider it under the Federal Tort Claims Act ("FTCA"). *Osborn*, 549 U.S. at 230.

The FTCA is a "limited waiver" of the United States' sovereign immunity from suit that "permits suit only on terms and conditions strictly prescribed by Congress." *Khatami v. Compton*, 844 F. Supp. 2d 654, 663 (D. Md. 2012) (quoting *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990)). "One such term 'requires that a claim be presented to the appropriate agency within two years after the claim accrues.'" *Id.* (quoting *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994)). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Id.* (quoting *Ahmed*, 30 F.3d at 516). "In other words, a FTCA plaintiff's failure to file an administrative claim deprives courts of subject-matter jurisdiction over the claim." *Id.*

Judge Grimm here asserts that the Court lacks jurisdiction over the abuse of process claim because Plaintiff failed to first exhaust administrative remedies. Judge Grimm does not indicate to which agency Plaintiff should have submitted a claim, however. Under the Judicial Conduct and Disability Act of 1980, "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint containing a brief

statement of the facts constituting such conduct." 28 U.S.C. § 351. Presumably, then, Plaintiff could have filed a complaint against Judge Grimm with the clerk of the U.S. Court of Appeals for the Fourth Circuit before initiating this action.

But the Court need not decide whether such a complaint would have satisfied Plaintiff's administrative exhaustion requirement under the FTCA because the FTCA exempts from its immunity waiver claims "arising out of . . . abuse of process." 28 U.S.C. § 2680(h); *see Khatami*, 844 F. Supp. 2d at 664 (dismissing an abuse of process claim on this ground); *see also Jones v. United States*, No. GJH-16-0726, 2017 WL 465285, at *3 (D. Md. Feb. 2, 2017). While § 2680(h) of the FTCA includes an exception that allows for suits against "investigative or law enforcement officers of the United States Government," it defines that term to mean "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C § 2680(h); *see Moore v. United States*, 213 F.3d 705, 709 (D.C. Cir. 2000). Accordingly, sovereign immunity bars Plaintiff's abuse of process claim against Judge Grimm in any capacity and Count 4 will be dismissed pursuant to Rule 12(b)(1). *See Workman v. United States*, 711 F. App'x 147, 148 (4th Cir. 2018) (citing *Williams v. United States*, 50 F.3d 299, 303–04 (4th Cir. 1995)).

### 3. Remaining Official Capacity Claims

Judge Grimm next asserts that sovereign immunity bars all other claims brought against him in his official capacity. In general, "claims for constitutional violations cannot be brought against officers in their official capacity absent express consent by the United States to be sued for the alleged conduct." *Lim v. United States*, No. DKC 10–2574, 2011 WL 2650889, at *8 (D. Md. July 5, 2011). "Federal courts have no jurisdiction over claims against the United States asserting general violations of the Constitution not authorized by a specific statute," *id.*, and "the

FTCA does not waive sovereign immunity for constitutional violations," *Rich v. United States*, 158 F. Supp. 2d 619, 625 (D. Md. 2001).

Importantly, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *Curtis v. Pracht*, 202 F. Supp. 2d 406, 418–19 (D. Md. 2002) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)), and "[p]laintiffs bear the burden of demonstrating an unequivocal waiver of sovereign immunity," *id.* (citing *Williams v. United States*, 50 F.3d 299, 304 (4th. Cir. 1995)). "When a plaintiff has failed to establish a waiver of sovereign immunity, a federal court lacks jurisdiction to hear the case." *Rich*, 158 F. Supp. 2d at 630 (citing *Glob. Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998)).

Here, Plaintiff cites 42 U.S.C. § 1983 as the basis for his claim in Count 1 for violation of due process rights under the Fourteenth Amendment and in Count 3 for violation of his right against cruel and unusual punishments under the Eighth Amendment. ECF No. 3 ¶¶ 44–47, 60–61. But "Section 1983 applies only to state officers acting under color of state law, and not to federal officers." *Rich*, 158 F. Supp. 2d at 630 (citing *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)). And Plaintiff cites no statutory basis at all for his claim under Count 5 for violation of his Fifth Amendment due process rights. A waiver cannot be implied. *Curtis*, 202 F. Supp. 2d at 418–19.

Therefore, because Plaintiff has not met his burden to identify an unequivocal waiver of sovereign immunity, the Court lacks jurisdiction over his official capacity claims under Counts 1, 3, and 5. And the same reasoning applies to Plaintiff's official capacity claim in Count 2 under Article 24 of the Maryland Declaration of Rights. A plaintiff may not "raise a cause of action against a federal officer in his official capacity for alleged violations of a state constitution, because the United States has not waived its sovereign immunity as to state constitutional

claims." *Chin v. Wilhelm*, 291 F. Supp. 2d 400, 405 (D. Md. 2003) (citing *Rich*, 158 F. Supp. 2d at 630)); *see also Voh v. United States*, No. GJH-17-1641, 2018 WL 2048372, at *4 (D. Md. May 2, 2018). The Court thus lacks jurisdiction over Plaintiff's official capacity claim under Count 2 as well, and accordingly all of Plaintiff's official capacity claims will be dismissed under Rule 12(b)(1). *See Workman*, 711 F. App'x at 148.

### 4. Individual Capacity Damages Claims

Having dismissed Count 4 entirely and found a lack of subject matter jurisdiction over Plaintiff's official capacity claims under Counts 1, 2, 3, and 5, the Court now turns to Plaintiff's claims against Judge Grimm in his individual capacity. As Judge Grimm notes, because Plaintiff seeks damages from an individual government official for allegedly violating his constitutional rights, Plaintiff's individual capacity claims under Counts 1, 3, and 5 could be construed as seeking relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which the Supreme Court recognized an implied cause of action for damages against federal officers for certain constitutional violations. *See Doe v. Meron*, 929 F.3d 153, 168 (4th Cir. 2019) (describing *Bivens*, its progeny, and the Supreme Court's recent skepticism of extending *Bivens* further).

The Court need not wade into the complexities of *Bivens* remedies, however, because any damages claims against Judge Grimm in his individual capacity are barred by judicial immunity. That doctrine, recognized in "[a] long line of [the Supreme Court's] precedents[,] acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). One such precedent, *Forrester v. White*, explained that the doctrine "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). "Like other forms of official

immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Judicial immunity can be overcome "in only two sets of circumstances." *Id.* "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted). The Complaint in this case concerns actions that indisputably were taken in Judge Grimm's judicial capacity as he presided over Plaintiff's suit. "A judge is acting in his or her judicial capacity when the function is one 'normally performed by a judge' and when the parties 'dealt with the judge in his judicial capacity.'" *Rhoe v. Kunz*, No. GJH-17-3757, 2018 WL 6423897, at *5 (D. Md. Dec. 4, 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

Importantly, though Plaintiff here makes allegations about improper motivations for Judge Grimm's rulings against him, "immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The first exception to judicial immunity has no application here. As for absence of jurisdiction, that exception applies only if "there is clearly no jurisdiction over the subject-matter . . . [and] the want of jurisdiction is known to the judge . . . ." *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992) (alterations in original) (quoting *Stump*, 435 U.S. at 356 n.6). No such circumstance existed here in Plaintiff's action before Judge Grimm. Accordingly, judicial immunity bars claims for damages against Judge Grimm in his individual capacity under each of the remaining counts of the Complaint.

### 5. Individual Capacity Claims for Equitable Relief

Judicial immunity does not, however, extend to claims for equitable relief.[9] *Foster v. Fisher*, 694 F. App'x 887, 889 (4th Cir. 2017) (citing *Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir. 1975)); *see also Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984)) (holding that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"). "However, a litigant can prevail in a declaratory or injunctive relief action against a judge acting in his or her judicial capacity only in circumscribed circumstances." *Mathis v. Martin*, No. 8:13-cv-02597-AW, 2013 WL 5609134, at *4. Importantly, "the Fourth Circuit has decreed that injunctive and declaratory relief are improper remedies against judicial officers where the record demonstrates that the plaintiff 'is simply dissatisfied' with the judge's rulings." *Id.* (quoting *Wilkins v. Rogers*, 581 F.2d 399, 405 (4th Cir. 1978)).

As described previously, Plaintiff's petition for relief seeks declarations that Judge Grimm's inactivity on the proposed prefiling injunction violates Plaintiff's rights under the federal and Maryland Constitutions, that Judge Grimm should issue a final order on the proposed injunction, and that Judge Grimm should not preside over Plaintiff's other ongoing cases. *See* ECF No. 3 at 13–14. The Court has already addressed the groundlessness of the final request in addressing Plaintiff's recusal motion. And the second request essentially is an expression of dissatisfaction with Judge Grimm's rulings or lack of rulings in Plaintiff's case, rendering equitable relief an improper remedy. *See Mathis*, 2013 WL 5609134, at *4. In contrast, while in a practical sense the first request also arises from Plaintiff's unhappiness with the adjudication of his prior case, the Court will proceed to assess the grounds for the request as they are asserted in Counts 1, 2, 3, and 5.

---

[9] Nor does qualified immunity, another defense that Judge Grimm raises. *Wall v. Wade*, 741 F.3d 492, 498 n.9 (4th Cir. 2014).

The first paragraph of the petition for relief seeks a declaration that Judge Grimm's "Refusal to Issue a Final Order on the Prefiling Injunction . . . violates Plaintiff's Due Process." ECF No. 3 ¶ 14. This request presumably relates to Counts 1, 2, and 5, which as described previously allege violations of Plaintiff's rights to due process of law under the Fifth and Fourteenth Amendments of the federal Constitution and Article 24 of the Maryland Declaration of Rights. As an initial matter, the Fourteenth Amendment component of these claims cannot proceed because "the Fourteenth Amendment's Due Process Clause is a limitation on state conduct," while "due process protections against the federal government are found in the Fifth Amendment." *United States v. Hornsby*, 666 F.3d 296, 310 (4th Cir. 2012). As a federal judge, Judge Grimm cannot be liable for a violation of the Fourteenth Amendment.

Next, Plaintiff's claims under Article 24 of the Maryland Declaration of Rights and the Fifth Amendment to the federal Constitution may be considered together because the two are "generally interpreted as being synonymous." *Branch v. McGeeney*, 718 A.2d 631, 642 (Md. App. 1998) (citing *Oursler v. Tawes*, 13 A.2d 763, 768 (Md. 1940)); *see also Sesay v. Woolsey*, No. 8:18-cv-01924-PWG, 2019 WL 859782, at *8 (D. Md. Feb. 21, 2019). Plaintiff's Opposition to Judge Grimm's Motion to Dismiss fails to identify any case law or authority suggesting that Judge Grimm's inaction on the proposed prefiling injunction infringes Plaintiff's federal or state due process rights, nor is the Court aware of any.[10] Instead, the Fourth Circuit has squarely held that prefiling injunctions are constitutionally permissible, although the court cautioned that they must be narrowly tailored. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir.

---

[10] Plaintiff's Opposition generally fails to respond to any of the arguments in the Motion to Dismiss and instead simply recounts the procedural history of his prior case and asserts that the Fourth Circuit's decision affirming Judge Grimm's October 22, 2014 Order requires Judge Grimm to act on the prefiling injunction. ECF No. 14. Because this argument is meritless and misunderstands the meaning and result of the Fourth Circuit's ruling, the Court need not discuss it further.

2004). Here, no injunction has even been entered, defeating any need to consider whether the Fourth Circuit's guidance has been followed. Plaintiff's claims accordingly are meritless and Plaintiff's request for declaratory relief with respect to due process must be dismissed.

Plaintiff's failure to cite any basis for his Eighth Amendment claim compels the same conclusion. Because the Fourth Circuit has approved the issuing of prefiling injunctions in certain circumstances, it cannot be the case that imposing a prefiling injunction against a vexatious litigant – let alone the withholding of a final determination on whether to issue one – implicates the Eighth Amendment. At least one District Court has explicitly rejected such an argument. *See Easterling v. Ohio*, No. 3:13-cv-024, 2013 WL 4456151, at *9 (S.D. Ohio Aug. 16, 2013), *adopted by* 2013 WL 4757484 (S.D. Ohio Sept. 4, 2013).

Further, at least one Court of Appeals has explicitly distinguished between limitations on punishments subject to the Eighth Amendment and "sanctions for misconduct in litigation." *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 499 (7th Cir. 2003). While the Court recognizes that certain "civil sanctions may fall within the scope" of the Eighth Amendment, *Korangy v. U.S. Food & Drug Admin.*, 498 F.3d 272, 277 (4th Cir. 2007) (citing *Austin v. United States*, 509 U.S. 602, 610 (1993)), the Court concludes, in the total absence of authority to support Plaintiff's claim, that the Eighth Amendment has no bearing in this case. Plaintiff's final claim is therefore without support and the Court will accordingly grant Judge Grimm's Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Removal of Judge Grimm, ECF No. 10, and grant Judge Grimm's Motions for Extension of Time, ECF Nos. 11 and 15, and Motion to Dismiss, ECF No. 12. A separate Order shall issue.

Date: <u>March 4, 2020</u>                                      /s/_____
                                                                GEORGE J. HAZEL
                                                                United States District Judge